# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| AUTO-DRIL, INC. | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 6:15-cv-00048 |
| | § | |
| CANRIG DRILLING TECHNOLOGY LTD. | § | |
| | § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Auto-Dril, Inc. ("Auto-Dril") files this Original Complaint against Canrig Drilling Technology Ltd. ("Canrig" or the "Defendant") and would show the Court the following:

### PARTIES

1. Auto-Dril is a corporation organized under the laws of the State of Texas and having its principal place of business at 4000 South County Road 1293, Odessa, TX 79765.

2. On information and belief, Defendant, Canrig, is a corporation organized under the laws of the State of Delaware, and may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136. On information and belief, Canrig does business throughout the United States.

### JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271 et seq. and 28 U.S.C. §§ 1331 and 1338(a).

4. On information and belief, personal jurisdiction exists generally over the Defendant because it has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within the Western District of Texas, Waco Division. Personal jurisdiction

also exists specifically over the Defendant because of its conduct in making, using, selling, offering to sell, and/or importing infringing products within the State of Texas and within the Western District of Texas, Waco Division.

5.     On information and belief, the products at issue are offered for sale through direct sales representatives located in the Western District of Texas, Waco Division, and through on-line advertising and promotion.

6.     On information and belief, the products at issue are used with oil and gas drilling rigs located in the Western District of Texas, Waco Division. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b).

## FACTS

7.     Auto-Dril repeats and re-alleges the allegations in paragraphs 1-6 as though fully set forth herein.

8.     Auto-Dril is the owner of all rights, title, and interest in and under Unites States Patent No. 6,994,172 ("Well Drilling Control System") (hereinafter, the "'172 Patent" or the "Asserted Patent"), which duly and legally issued on February 7, 2006. A true and correct copy of the '172 Patent is attached hereto as **Exhibit A**.

9.     The '172 Patent is valid and enforceable.

10.    On information and belief, all requisite maintenance fees have been paid, and Auto-Dril has complied with the requirements of 35 U.S.C. § 287.

11.    On information and belief, Defendant Canrig has been, and is, infringing the '172 Patent by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of one or more claims of the '172 Patent, including

making, using, sell, offering for sale, and/or importing into the United States of one or more its DrillSmart automatic drilling solution.

12. Canrig is a provider of equipment, components, and services for oil and gas drilling and production operations. Canrig has been in multiple patent infringement litigation matters, itself holds one or more patents, and has the services of both in-house and outside patent counsel.

13. Canrig has been actively engaged in automatic drilling control system development, education, and patent protection related to such devices for a number of years.

14. On information and belief, therefore, Canrig either has known of the '172 Patent, or has been "willfully blind" to its existence.

15. Canrig has actively promoted the sales to, and use by third parties of its automatic drilling control systems, including its DrillSmart automatic drilling solution.

16. Third parties, in using at least Canrig's DrillSmart automatic drilling solution have directly infringed one or more claims of the '172 Patent.

17. On information and belief, Canrig sells components of, and/or accessories for use with its automatic drilling control systems, the use of which has no substantial non-infringing use (Non-Staple Items") relative to the '172 Patent.

18. On information and belief, Non-Staple Items provided to third parties constitute material portions of the patented combinations that are within the scope of the '172 Patent.

19. On information and belief, third parties combine Non-Staple Items provided, directly or indirectly, by Canrig, with other component(s) to assemble apparatus falling within the scope of one or more of the claims of the '172 Patent.

### COUNT I – DIRECT INFRINGEMENT OF THE '172 PATENT

20. Auto-Dril repeats and incorporates the preceding paragraphs 1-19.

21. By making, using, selling, offering for sale, importing, promoting, inducing, and/or providing to others in or into the United States, without authority, products, the providing and/or use which fall within the scope of one or more claims of the '172 Patent, Canrig has directly infringed one or more claims of the '172 Patent, pursuant to 35 U.S.C. 271(a).

22. As a direct and proximate result of Canrig's acts of patent infringement, Auto-Dril has been and continues to be injured, and has sustained and will continue to sustain substantial damages in an amount not presently known.

23. Auto-Dril has suffered from the infringement of Canrig, and has lost and will continue to lose profits and/or royalties as a result of Canrig's infringement.

24. Auto-Dril has no adequate remedy at law against these acts of patent infringement. Unless Canrig is permanently enjoined from its unlawful and willful infringement of the '172 Patent, Auto-Dril will suffer irreparable harm.

25. Auto-Dril has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.

26. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. §285, and Auto-Dril is entitled to recover his reasonable and necessary fees and expenses.

### COUNT II – INDUCING INFRINGEMENT OF THE '172 PATENT

27. Auto-Dril repeats and incorporates the preceding paragraphs 1-19.

28. By actively inducing third parties to use products falling within the scope of one or more claims of the '172 Patent, with knowledge of (or "willful blindness" to) the patents, and knowledge

that (or "willful blindness" to the fact that) the actions of third parties directly infringe such claims, Canrig has induced infringement on one or more of the '172 Patent, pursuant to 35 U.S.C. 271(b).

29. As a direct and proximate result of Canrig's acts of patent infringement, Auto-Dril has been and continues to be injured, and has sustained and will continue to sustain substantial damages in an amount not presently known.

30. Auto-Dril has suffered from the infringement of Canrig, and has lost and will continue to lose profits and/or royalties as a result of Canrig's infringement.

31. Auto-Dril has no adequate remedy at law against these acts of patent infringement. Unless Canrig is permanently enjoined from its unlawful and willful infringement of the '172 Patent, Auto-Dril will suffer irreparable harm.

32. Auto-Dril has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.

33. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. §285, and Auto-Dril is entitled to recover his reasonable and necessary fees and expenses.

### COUNT III – CONTRIBUTORY INFRINGEMENT OF THE '172 PATENT

34. Auto-Dril repeats and incorporates the preceding paragraphs 1-19.

35. By producing and providing to third parties Non-Staple Items, with subsequent assembly and use of apparatus that infringe one or more claims of the '172 Patent, with knowledge of (or "willful blindness" to) the Asserted Patents, and of the actions, as infringement, of third parties who directly infringe such claims, Canrig has contributorily infringed on one or more of the '172 Patent claims, pursuant to 35 U.S.C. 271(c).

36. As a direct and proximate result of Canrig's acts of patent infringement, Auto-Dril has been and continues to be injured, and has sustained and will continue to sustain substantial damages in an amount not presently known.

37. Auto-Dril has suffered from the infringement of Canrig, and has lost and will continue to lose profits and/or royalties as a result of Canrig's infringement.

38. Auto-Dril has no adequate remedy at law against these acts of patent infringement. Unless Canrig is permanently enjoined from its unlawful and willful infringement of the '172 Patent, Auto-Dril will suffer irreparable harm.

39. Auto-Dril has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.

40. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. §285, and Auto-Dril is entitled to recover his reasonable and necessary fees and expenses.

**PRAYER FOR RELIEF**

Plaintiff Auto-Dril respectfully requests that judgment be entered in its favor and against Defendant Canrig, and that the Court grant the following relief to Auto-Dril:

A. Declare that the '172 Patent is valid and enforceable;

B. Grant judgment in Auto-Dril's favor that Canrig has directly infringed the '172 Patent;

C. Grant judgment in Auto-Dril's favor that Canrig has induced infringement of the '172 Patent;

D. Grant judgment in Auto-Dril's favor that Canrig has contributorily infringed the '172 Patent;

E. Declare that Canrig's infringement was willful;

F. Award damages to Auto-Dril to which it is entitled for patent infringement;

G. Award damages to Auto-Dril for which it is entitled for its lost profits, or as a reasonable royalty as provided by law;

H. Enter a preliminary and thereafter and permanent injunction against Canrig's direct infringement of the '172 Patent;

I. Enter a preliminary and thereafter and permanent injunction against Canrig's active inducement of the infringement of the '172 Patent by others;

J. Enter a preliminary and thereafter and permanent injunction against Canrig's contributory infringement of the '172 Patent;

K. Award Auto-Dril its expenses, costs, and attorneys'' fees pursuant to 35 U.S.C. § 285;

L. Award Auto-Dril increased damages in an amount not less than three times the amount of damages found by the jury or assessed by this Court, for Canrig's willful infringement pursuant to 35 U.S.C. § 284l

M. Award interest on Auto-Dril's damages; and

N. Award such other relief as the Court deems just and proper.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38 and 39, Plaintiff Auto-Dril asserts its rights under the Seventh Amendment of the United States Constitution and demands a trial by jury on all issues triable to a jury.

Respectfully submitted,

By: /s/ David G. Henry, Sr.
    David G. Henry, Sr.
    State Bar No. 09479355
    dhenry@grayreed.com
    GRAY REED & MCGRAW, P.C.
    1601 Elm Street; Suite 4600
    Dallas, Texas 75201
    (214) 954-4135
    (214) 953-1332 (Facsimile)

ATTORNEY-IN-CHARGE FOR PLAINTIFF
AUTO-DRIL, INC.

OF COUNSEL:

James L. Reed, Jr.
State Bar No. 16679200
jreed@grayreed.com
Michael D. Ellis
State Bar No. 24081586
mellis@grayreed.com
GRAY REED & MCGRAW, P.C.
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7000
(713) 986-7100 (Facsimile)

Russell E. Jumper
State Bar No. 24050168
rjumper@grayreed.com
GRAY REED & MCGRAW, P.C.
1601 Elm Street; Suite 4600
Dallas, Texas 75201
(214) 954-4135
(214) 953-1332 (Facsimile)

John P. Palmer
State Bar No. 15430600
palmer@namanhowell.com
NAMAN, HOWELL, SMITH & LEE, PLLC
P.O. Box 1470
400 Austin Ave, 8th Floor
Waco, TX 76703-1470
(254) 755-4100
(254) 754-6331 (Facsimile)